BRIAN STEVEN SMITH #750134
Anchorage Correctional Complex – West
1300 East 4th Ave
Anchorage AK 99501
Defendant, Pro se

c/o Shawn Stendevad, Paralegal
PO Box 771512
Eagle River AK 99577
Phone: 907-854-7788
Email: shawn@darkparrot.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>BRIAN STEVEN SMITH,<br>Defendant. | No. 3:24-cr-00040-ACP-KFR<br>**NOTICE OF HUNGER STRIKE** |

I, Brian Steven Smith, pro se, hereby give notice that I am on a hunger strike and refusing food to protest the government's bringing criminal charges against me and then frustrating my ability to defend myself against those charges. It is the duty of the Court to be a neutral arbitrator and to protect a defendant's rights from being infringed by government action.

As of September 22, 2026, Judge Aaron Christian Peterson ruled that incarcerated pro se defendants do not get access to the discovery they need for motions and trial preparation. The exact ruling was that, when I was represented, my then-attorney had

received the documents two and a half years earlier, which suffices for those needs now.

EFFECTS: After arraignment, I requested a copy of the discovery because I wanted to actively participate in trial preparation. This triggered a protective order (Dkt. 14) and a hearing (Dkt. 15). Dkts. 16–26, 36, 42, 46, and 52 all deal with the redacted copy of the discovery being prepared by the government for delivery to me. Judge Kyle Reardon, the government prosecutor, and my attorney all decided that the government would be in charge of the redaction process.

Neither of my appointed attorneys gave me access to the unredacted discovery, as required by the protective-order restrictions. Neither of those attorneys prepared any pretrial motions on my behalf. I am the only part of the defense team that has attempted to do any pretrial preparation, as evidenced by Dkts. 32–36, 38–41, 43–45, 61, 62, and 68–71.

Several representation hearings were requested because my attorney failed to communicate with me. This could partly be due to jail mailroom staff withholding or redirecting my mail. At the hearing on Dkt. 84, Judge Reardon informed me that federal defendants do not get discovery, and neither would I. I asked him to explain how that could be the case given the two 90-day continuances granted to give the government additional time to finish redacting my copy (Dkts. 25, 26).

At my arraignment, I stated that I wanted a speedy trial. I signed the waiver only after my attorney insisted that I do so. After my initial request for discovery, Judge Reardon, the prosecutor, and my attorney all decided that the government would control

the redaction process, providing a reason for delays under the ends-of-justice standard (Dkts. 22, 26).

After I became pro se, I was advised that I would receive the unredacted discovery. The protective order was revised accordingly. At my first hearing as a *pro se* litigant, Judge Reardon explained that I would be criminally liable if I left the discovery unattended or where others not associated with my defense team could see or read it. Judge Reardon was a party to both protective orders.

I have requested numerous times to receive a hard copy of the discovery and not a digital copy, because jail staff steal thumb drives.

The Court knows I have been waiting for two and a half years to get the redacted and unredacted discovery. The judge announced that federal defendants do not get discovery (Dkt. 84), and now, with Judge Peterson's order, I do not get unredacted discovery because sending it to an attorney two years ago suffices. My request for a speedy trial and the two 90-day continuances to redact all point to the two-and-a-half-year delay being intentionally caused by the Court and the government.

When the Court informs me that I will get discovery, I have the right to assume it is not lying. No one can claim that I intentionally caused any delays. That said, it is impossible for any trial to happen under these conditions.

The only recourse is to declare a mistrial, which the government will not allow. The charges are vindictive, malicious, and solely intended to remove my citizenship so as to remove me from the country in the event that I prevail on my state appeal. This situation

has left me in a position of helplessness and hopelessness. My only remaining option is to protest government abuse by going on a hunger strike. It is apparent that there is no way the Court, the government, or the jail will correct these abusive practices, which means there is no positive outcome to a hunger strike.

The hunger strike ends with a mistrial with prejudice and court orders directing the Alaska Department of Corrections to stop all actions and policies that interfere with or frustrate an inmate's defense preparation. Further, the two 90-day continuances should be nullified based on Judge Reardon's ruling that rendered them moot.

RESPECTFULLY SUBMITTED September 25, 2026, at Anchorage, Alaska.

s/ *Brian Steven Smith*
BRIAN STEVEN SMITH #750134
Defendant, Pro Se
Anchorage Correctional Complex

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ *Shawn Stendevad*
Shawn Stendevad, Paralegal