BRIAN STEVEN SMITH #750134
Anchorage Correctional Complex – West
1300 East 4th Ave
Anchorage AK 99501
Defendant, Pro se

c/o Shawn Stendevad, Paralegal
PO Box 771512
Eagle River AK 99577
Phone: 907-854-7788
Email: shawn@darkparrot.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN STEVEN SMITH,<br><br>Defendant. | No. 3:24-cr-00040-ACP-KFR<br><br>**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE STATEMENTS AND ALLEGED CONFESSION** |

Defendant, *pro se,* moves in limine to exclude all statements obtained during and after his custodial interrogation, including any alleged confession and all evidence derived from those statements.

## I. Factual Basis

The Government intends to introduce statements Defendant made during an interrogation conducted after Defendant had traveled approximately twelve hours from the East Coast. The interrogation lasted approximately nine hours.

Defendant contends that investigators used sustained and coercive tactics throughout the interrogation. The defense expert's report identifies approximately 412

coercive tactics and describes, among other things:

1. repeated consequence-based tactics;
2. threats or suggestions of harsher treatment if Defendant did not cooperate;
3. minimization tactics suggesting that Defendant would receive more favorable treatment if he cooperated;
4. repeated questioning despite Defendant's fatigue and the length of the interrogation; and
5. continued questioning after Defendant indicated that he wanted to speak with someone about legal advice.

The expert report reportedly identifies five instances of threats of harsh treatment and sixty-seven minimization tactics. Defendant will cite the specific pages and paragraph numbers of the report before filing.

The defense further contends that the interrogation produced a false or unreliable confession through cumulative pressure rather than a free and deliberate choice. Defendant did not receive adequate rest after his lengthy journey, and the interrogation continued for hours while investigators repeatedly encouraged him to abandon or compromise his rights.

The complete recording, transcript, reports, expert report, and prior suppression briefing should control the factual record. Defendant reserves the right to identify additional statements that should be excluded after the Government identifies the portions it intends to offer.

.

## II. Legal Standard

A. Statements obtained after an invocation of counsel are inadmissible unless the defendant reinitiates communication.

The Fifth Amendment protects a suspect's privilege against compelled self-incrimination. Under *Miranda v. Arizona*,[1] statements resulting from custodial interrogation are inadmissible unless the Government establishes that the defendant knowingly and voluntarily waived his rights.

When a suspect invokes the right to counsel, officers may not continue custodial interrogation unless counsel is made available or the suspect himself reinitiates communication[2]. A purported waiver obtained after officers continue questioning in violation of *Edwards* is ineffective.[3]

If the suspect's statement is ambiguous, officers may clarify the meaning of the statement, but they may not use clarification as a means to pressure the suspect into abandoning the request for counsel.[4]

**B.** A confession is inadmissible if it was involuntary under the totality of the circumstances**.**

The Due Process Clause bars admission of a confession unless it was the product of a free and rational choice. U.S. Const. amend. XIV, § 1. The Court evaluates voluntariness

---

[1] 384 U.S. 436, 444–45 (1966)
[2] *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981).
[3] *Minnick v. Mississippi*, 498 U.S. 146, 153–54 (1990).
[4] See *Davis v. United States*, 512 U.S. 452, 459–60 (1994).

under the totality of the circumstances, including the length and circumstances of the interrogation, the defendant's physical and mental condition, the use of threats or promises, and the conduct of the investigators.[5]

Coercive police activity is a necessary predicate to a finding of involuntariness.[6] Once that predicate is established, the Court considers the entire interrogation rather than isolating individual statements or tactics.

The Ninth Circuit has recognized that threats of harsher treatment or promises of favorable treatment may render a confession involuntary when, under the circumstances, they overbear the defendant's will.[7]

## III. Argument

### A. The Court Should Exclude Statements Obtained After Defendant Invoked His Right to Counsel

Defendant contends that he indicated during the interrogation that he wanted to speak with someone about legal advice. The Government should be required to identify the exact point at which it contends Defendant made that statement and to explain why questioning continued afterward.

The Court should review the recording and transcript to determine:

1. the precise words Defendant used;
2. whether the statement reasonably communicated a desire for legal advice;

[5] See *Dickerson v. United States*, 530 U.S. 428, 433–34 (2000); *Arizona v. Fulminante*, 499 U.S. 279, 285–88 (1991).
[6] *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).
[7] See *United States v. Harrison*, 34 F.3d 886, 890–92 (9th Cir. 1994).

3. whether officers continued interrogation after the statement;
4. whether officers attempted to persuade Defendant not to seek legal advice; and
5. whether Defendant independently reinitiated interrogation before the statements the Government seeks to introduce.

If Defendant invoked his right to counsel and did not reinitiate communication, the resulting statements must be excluded under *Edwards*.

B. The Prolonged Interrogation and Defendant's Exhaustion Support Exclusion of the Statements as Involuntary

The interrogation followed an approximately twelve-hour journey and continued for approximately nine hours. The duration and circumstances are relevant to whether Defendant could make a free and deliberate choice.

The defense expert's analysis reportedly identifies hundreds of coercive tactics, including threats of harsh treatment and repeated minimization tactics offering or implying leniency for cooperation. These tactics must be evaluated cumulatively. The Government should not be permitted to isolate a single exchange while disregarding the prolonged interrogation, Defendant's fatigue, repeated pressure, and the alleged effort to overcome his request for legal advice.

The defense contends that the interrogation was designed to obtain compliance through consequence-based pressure. The expert report identifies tactics that threatened harsher treatment for failing to cooperate and suggested more favorable treatment if

Defendant complied.[8]

If the Court finds that the investigators' conduct overbore Defendant's capacity for self-determination, the statements are inadmissible under the Fifth and Fourteenth Amendments.

C. The alleged confession should be excluded as unreliable and obtained through coercion

A confession obtained through coercive interrogation cannot be admitted merely because Defendant ultimately answered questions or signed a waiver. The issue is whether his decision was the product of a free and unconstrained choice.

Relevant circumstances include:

| **Circumstance** | **Defense position** |
|---|---|
| Travel before interrogation | Approximately twelve-hour journey |
| Interrogation length | Approximately nine hours |
| Number of tactics | Expert identifies approximately 412 coercive tactics |
| Threats | Expert identifies five instances of threatened harsh treatment |
| Minimization | Expert identifies sixty-seven minimization tactics |
| Request for legal advice | Questioning allegedly continued afterward |
| Reliability | Statements followed sustained pressure and fatigue |

The Government bears the burden of establishing the admissibility of the statements

[8] Exhibit A

by a preponderance of the evidence. See Lego v. Twomey, 404 U.S. 477, 489 (1972). The Court should conduct the required voluntariness inquiry outside the presence of the jury before permitting the Government to refer to the statements.

D. The Government should be required to identify all statements and derivative evidence it intends to offer.

Defendant requests an order requiring the Government to identify:

1. every statement from the interrogation it intends to introduce;
2. each portion of the recording or transcript on which it relies;
3. every alleged admission or confession;
4. any waiver form or waiver statement;
5. any statement made after Defendant requested legal advice; and
6. all physical, testimonial, or documentary evidence the Government contends was derived from Defendant's statements.

If the Court excludes the statements, the Government should also be required to establish an independent lawful basis for any evidence allegedly derived from them. Suppression of derivative evidence depends on the applicable exclusionary-rule analysis and any claimed exception, including independent source or inevitable discovery.[9]

## IV. Request for Evidentiary Hearing

Defendant requests an evidentiary hearing before trial. The hearing should address:

1. whether Defendant was in custody;
2. whether investigators administered the required warnings;

[9] See *Wong Sun v. United States*, 371 U.S. 471, 484–88 (1963).

3. whether Defendant knowingly and voluntarily waived his rights;
4. whether Defendant invoked the right to counsel;
5. whether questioning continued after that invocation;
6. whether Defendant reinitiated communication;
7. the length and conditions of the interrogation;
8. the investigators' alleged threats, promises, minimization, and consequence-based tactics;
9. Defendant's physical and mental condition after the lengthy journey; and
10. whether the statements and any derivative evidence must be excluded.

The Court should review the complete interrogation recording, transcript, reports, waiver forms, expert report, and any prior hearing testimony before ruling.

## V. Requested Relief

Defendant respectfully requests that the Court:

1. grant an evidentiary hearing;
2. exclude all statements obtained after Defendant invoked his right to counsel;
3. exclude any statement obtained without a knowing, intelligent, and voluntary waiver of rights;
4. exclude the alleged confession as involuntary under the totality of the circumstances;
5. prohibit the Government from referring in opening statement or before the Court rules on admissibility to any excluded statement, confession, or alleged admission;

6. require the Government to identify the portions of the interrogation it intends to introduce;
7. exclude derivative evidence unless the Government establishes an independent lawful basis for its admission; and
8. grant such other relief as the Court deems just.

RESPECTFULLY SUBMITTED September 28, 2026, at Anchorage, Alaska.

s/ *Brian Steven Smith*
BRIAN STEVEN SMITH #750134
Defendant, Pro Se
Anchorage Correctional Complex

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026 a true and correct copy of the foregoing was served electronically on all counsel of record.
s/ *Shawn Stendevad*
Shawn Stendevad, Paralegal